**Richard v. Time Warner Cable Media, Inc., 960 F.Supp.2d 659 (2013)**

960 F.Supp.2d 659
United States District Court,
N.D. Texas,
Dallas Division.

Ron RICHARD, Plaintiff,
v.
TIME WARNER CABLE MEDIA, INC. and Iconma, LLC, Defendants.

No. 3:13–cv–1545–M.  |  June 10, 2013.

**Synopsis**
**Background:** Former employee filed state court action alleging that employer fired him after he requested accommodations due to arthritic hip, in violation of Texas Commission on Human Rights Act (TCHRA). After removal, employee moved to remand.

**Holdings:** The District Court, Barbara M.G. Lynn, J., held that:

[1] employee's limitation of his potential recovery to $74,000 precluded removal, and

[2] award of attorney fees and costs was warranted.

Motion granted.

West Headnotes (10)

[1]   **Federal Courts**
      Limited jurisdiction; jurisdiction as dependent on constitution or statutes
      **Federal Courts**
      Necessity of Objection; Power and Duty of Court

      Federal courts are courts of limited jurisdiction, and without jurisdiction conferred by statute, they lack power to adjudicate claims.

      Cases that cite this headnote

[2]   **Federal Courts**
      Fictitious or Colorable Claims

      Plaintiff can defeat federal diversity jurisdiction when, from face of pleadings, it is apparent, to legal certainty, that plaintiff cannot recover amount exceeding $75,000. 28 U.S.C.A. § 1332.

      Cases that cite this headnote

[3]   **Removal of Cases**
      Allegations and prayers in pleadings
      **Removal of Cases**
      Evidence

      Sum sought by non-removing party in good faith shall be deemed to be amount in controversy unless removing party can establish, by preponderance of evidence, that plaintiff would in fact recover more than $75,000. 28 U.S.C.A. §§ 1332, 1446.

      Cases that cite this headnote

[4]   **Federal Courts**
      Matter in Dispute and Amount or Value Claimed or Involved

      When calculating back pay to determine whether amount in controversy exceeds threshold for diversity jurisdiction, courts include compensation allegedly lost up until anticipated trial date. 28 U.S.C.A. § 1332.

      1 Cases that cite this headnote

[5]   **Removal of Cases**
      Allegations and prayers in pleadings
      **Removal of Cases**

Exhibit B

 Evidence

If, from face of complaint, it appears amount in controversy exceeds threshold for diversity jurisdiction, to avoid removal, plaintiff must be able to show that, as matter of law, it is certain that he will not be able to recover more than damages for which he has prayed in state court complaint. 28 U.S.C.A. §§ 1332, 1446.

1 Cases that cite this headnote

[6]  Removal of Cases
 Allegations and prayers in pleadings

To avoid removal on basis of diversity jurisdiction, plaintiff can file binding stipulation or affidavit that limits plaintiff's potential recovery to amount less than $75,000. 28 U.S.C.A. §§ 1332, 1446.

Cases that cite this headnote

[7]  Evidence
 Judicial admissions in general

Judicial admissions are binding on party making them if they are made intentionally as waiver.

Cases that cite this headnote

[8]  Evidence
 Stipulations and agreed statements

Under Texas law, stipulations in petitions that purport to limit prospective theories of recovery are binding judicial admissions.

Cases that cite this headnote

[9]  Evidence
 Pleadings
 Evidence
 Pleadings
 Removal of Cases
 Allegations and prayers in pleadings

Former employee's statement in his disability discrimination complaint against employer affirmatively limiting his potential recovery to $74,000 was binding judicial admission precluding removal of his state court action on basis of diversity jurisdiction, even though employer's potential back pay liability alone exceeded statutory threshold, and employee did not explicitly limit amount he would accept or attorney fees, where prayer for relief stated that requested limitation on judgment included attorney fees, and employee filed signed declaration post-removal that clarified that his total recovery was capped at $74,000, exclusive of interest and costs. 28 U.S.C.A. §§ 1332, 1446.

Cases that cite this headnote

[10]  Removal of Cases
 Costs on remand

Employer's removal of former employee's state court action against it on basis of diversity jurisdiction was not objectively reasonable, and thus warranted award of attorney fees and costs, where employee's complaint unambiguously limited his recovery to $74,000. 28 U.S.C.A. § 1447(c).

1 Cases that cite this headnote

**Attorneys and Law Firms**

**\*660** Matthew R. Scott, Jamie Jean McKey, Javier Alejandro Perez–Afanador, Joe Kendall, Kendall Law Group, Dallas, TX, for Plaintiff.

Christine E. Reinhard, Shannon B. Schmoyer, Schmoyer Reinhard LLP, San Antonio, TX,

Exhibit B

Wick Phillips Gould & Martin LLP, Dallas, TX, for Defendants.

### MEMORANDUM OPINION AND ORDER

BARBARA M.G. LYNN, District Judge.

Before the Court is the Motion to Remand, filed by Plaintiff Ron Richard ("Richard") [Docket Entry # 6]. The principal question raised by this Motion is whether Richard effectively limited his potential recovery to an amount below the jurisdictional threshold, thereby defeating diversity jurisdiction. Finding that he has, the Court **GRANTS** the Motion.

### I. BACKGROUND

This case arises under the Texas Commission on Human Rights Act ("TCHRA"). Richard is a former employee of Defendant Time Warner Cable Media, Inc. ("TWCM"). Though Richard worked for TWCM, he was paid by Inconma, LLC for his services at TWCM. TWCM fired Richard in August 2011, after he requested accommodations due to an arthritic hip. Richard sued TWCM and Inconma under the TCHRA, claiming they failed to accommodate his disability and then discharged him for that disability.

Richard seeks relief in the form of back and front pay (including benefits), compensatory damages, punitive damages, reasonable attorneys' fees and experts' fees, court costs, and pre- and post-judgment interest. In his Original Petition, Richard "*affirmatively limits his potential recovery*" to $74,000.00. *Notice of Removal,* Ex. 1 ("Original Pet.") at ¶ 5 (emphasis in original). TWCM removed the case to federal court, arguing that this attempted limitation fails, and that the Original Petition puts into controversy an amount exceeding the statutory threshold. Richard moves to remand, and seeks his attorneys' fees and costs related to removal and remand. With his Motion, Richard filed a declaration again purporting to limit his recovery to $74,000.00, and stating his intent to be bound by the limitation.[1]

### II. LEGAL STANDARD

[1] Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. See *Stockman v. Fed. Election Comm'n,* 138 F.3d 144, 151 (5th Cir.1998). To establish diversity jurisdiction under 28 U.S.C. § 1332, the parties must **\*661** be diverse, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332.

[2] [3] A plaintiff can "defeat[ ] federal subject-matter jurisdiction ... when, 'from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover' " an amount exceeding $75,000.00. *In re 1994 Exxon Chem. Fire,* 558 F.3d 378, 387 (5th Cir.2009) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). The sum sought by the non-removing party in good faith "shall be deemed to be the amount in controversy" unless the removing party can establish, "by the preponderance of the evidence," that the plaintiff would in fact recover more than $75,000.00, if successful. 28 U.S.C. § 1446. If a defendant satisfies that burden, a plaintiff can defeat diversity jurisdiction only by showing he has legally bound himself to a recovery below the jurisdictional threshold. See *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995).

### III. DISCUSSION

The sole question before the Court is whether the amount in controversy exceeds $75,000.[2] Twice in the Original Petition, Richard purports to seek a judgment "***not to exceed 74,000.00,***" exclusive of interest and costs. *Original Pet.* ¶¶ 30, 37 (emphasis in original). He also "***affirmatively limits his potential recovery***" to that amount. *Id.* at ¶ 5. Accordingly, the Court must determine if (a) TWCM has demonstrated, by a preponderance of the evidence, that Richard's claims, if successful, would in fact trigger a recovery exceeding $75,000.00, and, if so, (b) whether Richard has effectively bound himself to an award below the jurisdictional threshold.

**A. Richard will likely recover more than $75,000.00 if he prevails on the merits of his claim**

[4] Of those categories of damages that count towards the amount in controversy, Richard seeks back and front pay, compensatory damages, punitive damages, and reasonable attorneys' and experts' fees. When calculating back pay to determine whether the amount in controversy exceeds the jurisdictional threshold, courts include the compensation allegedly lost up until the anticipated trial

Exhibit B

date. *Sanders v. Leggett & Platt, Inc.,* No. 3:10–CV–00979–M, 2010 WL 3282978, at *3 (N.D.Tex. Aug. 17, 2010) (Lynn, J.).

While working at TWCM, Richard earned an hourly wage of $18.91. Working an average of forty hours per week, Richard earned approximately $756.40 each week. TWCM terminated Richard's employment in August 2011. Anticipating that this case will go to trial in October 2013, TWCM estimates that 113 weeks will have passed between Richard's termination and the trial. At a rate of $746.40/week, TWCM approximates its potential back pay liability at $85,473.21 (113 weeks x $746.40/week). Disregarding Richard's attempt to limit his recovery, his back pay claim alone establishes a controversy exceeding the statutory threshold. Therefore, if Richard's attempt to limit his recovery to no more than $74,000.00 is not **\*662** binding, then TWCM's removal was proper. *See De Aguilar,* 47 F.3d at 1411.

### B. Richard effectively limited his potential recovery to a sum below the amount in controversy threshold

[5] [6] [7] If, from the face of the complaint, it appears the amount in controversy exceeds the jurisdictional threshold, "the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *Id.* To accomplish this, a plaintiff can file a "binding stipulation or affidavit" that limits the plaintiff's potential recovery to an amount less than $75,000.00. *Id.* at 1412. Judicial admissions are "binding on the party making them" if they are made "intentionally as a waiver." *Martinez v. Bally's Louisiana, Inc.,* 244 F.3d 474, 476 (5th Cir.2001).

[8] In Texas, stipulations in petitions that purport to limit prospective theories of recovery are binding judicial admissions. *See Walker v. City of Georgetown,* 86 S.W.3d 249, 254 (Tex.App.-Austin 2002, pet. denied). In *City of Georgetown,* the petition stated that the plaintiffs sued a particular defendant "solely for the ancillary injunctive relief" and that they did not "seek recovery of damages or attorneys['] fees" from that defendant. *Id.* The court held that the plaintiffs had "made a judicial admission" that the inclusion of the defendant in question was "merely ancillary to their claim for injunctive relief," and that the plaintiffs had effectively waived their rights to other types of remedies from that defendant. *Id.* In other words, the plaintiffs were bound by the theory of recovery pleaded in the petition.

Although *City of Georgetown* involved a restriction on the type, rather than the amount, of damages sought, district courts in the Fifth Circuit have applied this reasoning to limitations on the amount of damages claimed. In *Wright v. Normandy Terrace Healthcare & Rehabilitation Center,* the court held that a petition limited a plaintiff's potential award because it "include [d] a [binding] stipulation stating that the maximum amount of damages sought or that [would] be accepted" would not exceed $75,000.00. No. SA–12–CA–0622–XR, 2012 WL 2979040, at *2 (W.D.Tex. July 19, 2012). Likewise, the court in *Washington–Thomas* held that, by refusing to "seek or *accept* " an award in excess of the jurisdictional threshold, the plaintiff effectively defeated diversity jurisdiction. *Washington–Thomas,* 2012 WL 5287043, at *2 (emphasis in original). Similarly, the court in *Real T, LLC v. State Farm Fire & Casualty Co.* held that a petition "waiv[ing]" the plaintiff's "right to collect any amount in excess of $75,000" permanently fixed the maximum recoverable sum at $75,000.00. No. CIV.A. 07–8754, 2008 WL 4974862, at *2 (E.D.La. Nov. 18, 2008). In *Wright, Washington–Thomas, and Real T,* the respective courts held that the plaintiffs successfully limited their recoveries, as a matter of law, simply by pleading such limitations in their petitions.

[9] Richard's attempt to limit his recovery is similarly effective. Richard twice states that he seeks a judgment "**not to exceed $74,000.00.**" Original Pet. ¶¶ 30, 37. He also claims that "the amount in controversy ... **does not exceed $74,000.00**," and purports to "**affirmatively limit [ ] his potential recovery accordingly.**" *Id.* at ¶ 5. Like the Fifth Circuit district courts cited above, this Court finds such stipulations limiting Richard's recovery bind him, and defeat diversity jurisdiction.

That Richard did not explicitly limit the amount he would accept does not mandate a contrary result. According to TWCM, there is a fundamental difference between **\*663** what a plaintiff seeks and what he will ultimately accept, and only the latter is relevant to determining the amount in controversy. Consequently, TWCM argues that the Original Petition, which does not explicitly restrict the amount Richard would accept, cannot limit the amount in controversy as a matter of law. The Court need not decide whether this distinction is dispositive because Richard "**affirmatively limits his potential recovery** " to $74,000.00. *Id.* Whether Richard used the word "accept" is not dispositive. Indeed, as noted, the *Real T* court was satisfied by the plaintiff's waiver of his right to "collect" more than $75,000.00. 2008 WL 4974862, at *2. Affirmatively limiting one's recovery has the same effect as restricting what one will accept or collect.

Moreover, the Original Petition is not ambiguous. TWCM argues that the Original Petition contradicts itself, and like

Exhibit B

the petition in *Tovar v. Target Corp.,* No. CIV.A. SA04CA0557XR, 2004 WL 2283536 (W.D.Tex. Oct. 7, 2004), cannot conclusively limit the amount in controversy. In *Tovar,* the petition stated the maximum amount of damages in four different places. In one, plaintiff limited the recovery to $74,000.00 *excluding* punitive damages and attorneys' fees. He later stated that the limitation included punitive damages, but he made no mention of attorneys' fees. Indeed, he requested attorneys' fees separately, in a different section. All of this contradicted plaintiff's affidavit, which purported to limit his recovery "for all damages, including attorney's fees," to $74,000.00. *Id.* at *1. The court concluded that the petition's many contradictions cast doubt on the scope and effect of the affidavit, and precluded a conclusive finding that the amount in controversy fell below the statutory minimum.

Here, TWCM claims there are two sources of ambiguity in the Original Petition: (1) the inconsistency between clauses limiting what Richard seeks and what he can recover, and (2) the lack of clarity as to whether the limitation includes attorneys' fees. Unlike the petition in *Tovar,* the Original Petition is not truly contradictory. The fact that Richard twice limits what he "seeks" or "requests" to $74,000.00, does not render ambiguous the "*affirmative[ ] limit[ation]* " on any recovery beyond $74,000.00. With respect to the attorneys' fees issue, TWCM relies on the fact that the section entitled "Damages" includes a limitation, but does not explicitly mention attorneys' fees, while the section entitled "Attorneys' Fees and Costs" has no limitation clause.

A closer look reveals that the Original Petition clearly evinces Richard's intent to limit his recovery of all damages, including attorneys' fees. In the Damages section, Richard "seeks all damages available to him under the TCHRA; *provided, [he] seeks a final judgment, exclusive of interest and costs, not to exceed $74,000.00.*" Original Pet. ¶ 30 (emphasis in original). While this section does not list attorneys' fees—or any other kind of damages—by name, the limitation clearly refers to "all damages available ... under the TCHRA." That includes attorneys' fees. *See* Tex. Lab.Code § 21.259 (attorneys' fees allowable for TCHRA actions); *Prairie View A & M Univ. v. Chatha,* 381 S.W.3d 500, 503 (Tex.2012), *reh'g denied* (Nov. 16, 2012) ("[C]ourts refer to Chapter 21 of the Labor Code as the Texas Commission on Human Rights Act."). Admittedly, the Original Petition includes a separate section entitled "Attorneys' Fees and Costs" that lacks an express limitation on the recovery. But in that section, Richard clarifies that the only legal basis for attorneys' fees is the TCHRA, and he had explicitly limited his TCHRA

damages in the preceding section. Furthermore, in his Conclusion and Prayer, Richard expressly states that the requested limitation ***664** on the judgment *includes* attorneys' fees. Original Pet. ¶ 37 ("Plaintiff ... requests ... the Court enter judgment ... *not to exceed $74,000.00, exclusive of interest and costs,* awarding Plaintiff: A. Back pay and front pay (including benefits); B. Compensatory damages; C. Punitive damages; D. Reasonable attorneys' fees and expert fees...."). Thus, in contrast to the *Tovar* court, this Court is not faced with a limitation that explicitly excludes attorneys' fees, but with one that unambiguously includes them.

Even if the language in the Original Petition is construed to create some uncertainty, Richard's post-removal declaration resolves that uncertainty in his favor. Although "courts must determine the amount of controversy in light of 'the claims in the state court petition as they existed at the time of removal' " *Washington–Thomas,* 2012 WL 5287043, at *2 (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002)), courts may consider post-removal declarations that clarify an otherwise ambiguous basis for jurisdiction. *Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir.2000) (internal citations omitted). Moreover, when analyzing removal actions, courts should interpret ambiguities in favor of remand. *Manguno,* 276 F.3d at 723.

Accordingly, even though Richard's signed declaration, filed post-removal, is not independently binding, the Court may consider it to the extent that it clarifies any ambiguities in the Original Petition. In his Declaration, Richard explains his intention that the Original Petition "limit [ ] the amount of [his] recovery, and the amount of *any* judgment, to $74,000.00." *Pl.'s Reply,* Ex. 1 at ¶ 6 (emphasis added). This Declaration erases any doubt that, at the time of removal, Richard intended to bind himself to a recovery capped at $74,000.00, exclusive of interest and costs. The Court finds that the unambiguous limitation in Richard's Original Petition, buttressed by his post-removal Declaration, effectively precludes Richard from recovering more than $74,000.00, and prevents the Court from asserting diversity jurisdiction. Accordingly, and for all the reasons stated above, the Court **REMANDS** the case to the 14th Judicial District Court of Dallas County, Texas.

**C. TWCM's removal was not objectively reasonable and warrants an award of costs and attorneys' fees**

The Court has the discretion to order TWCM to pay Richard "just costs and any actual expenses, including attorney fees, incurred as a result of" improper removal.

Exhibit B

**Richard v. Time Warner Cable Media, Inc., 960 F.Supp.2d 659 (2013)**

28 U.S.C. § 1447(c). However, to warrant such an award, TWCM must have "lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Congress did not intend for 28 U.S.C. § 1446 to discourage removals "in all but obvious cases." *Id.* at 140, 126 S.Ct. 704.

[10] TWCM lacked an objectively reasonably basis to remove this case. Richard "*affirmatively limit[ed] his potential recovery* " to $74,000.00. *Original Pet.* ¶ 5. Even without an accompanying declaration, this statement unambiguously bound Richard to a recovery below jurisdictional threshold. The Court therefore **ORDERS** TWCM to pay Richard the reasonable attorneys' fees and costs incurred as a result of this removal. Richard shall submit by affidavit documents establishing such fees within twenty-one days of the date of this Order. If TWCM disputes the amount sought, it may respond within fourteen days thereafter.

**SO ORDERED.**

Footnotes

1   Richard submitted an unsigned declaration with his Motion, but supplied a signed version with his Reply Brief.

2   The parties seem to agree that the parties are diverse. In the Original Petition, Richard claimed that TWCM's principal place of business is in Texas. But TWCM disputed this fact in its Notice of Removal, asserting that its principal place of business is in New York. Richard failed to respond to this assertion in either his Motion to Remand or his Reply to Defendant's Response to Plaintiff's Motion to Remand. Because the Court concludes the amount in controversy requirement is not satisfied, it need not address whether the parties are in fact diverse.

**End of Document**                                            © 2014 Thomson Reuters. No claim to original U.S. Government Works.

Exhibit B