253 F.3d 706
**This case was not selected for publication in the Federal Reporter.**
**Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Fifth Circuit Rules 28.7, 47.5.3, 47.5.4. (Find CTA5 Rule 28 and Find CTA5 Rule 47)**
United States Court of Appeals,
Fifth Circuit.

Jack AMON, Plaintiff-Appellant,
v.
CADEC DESIGN SYSTEMS, INC. and Cummins Engine Co., Defendants-Appellees.

No. 00-11120. | Summary Calendar | April 13, 2001.

Appeal from the United States District Court for the Northern District of Texas (4:99-CV-245-Y).

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

**Opinion**

PER CURIAM:[*]

***1** Jack Amon appeals the district court's grant of summary judgment in favor of the defendants ("Cadec"). At issue in this diversity case is whether the district court improperly exercised jurisdiction given that the actual damages sought were $50,000, and Amon brought only state law claims. Notwithstanding, Amon also appeals the merits of his age discrimination claim brought under the Texas Commission on Human Rights Act, TEX. LAB.CODE § 21.01 et. seq., seeking reversal of the grant summary judgment in favor of Cadec. We AFFIRM.

Amon was a Cadec salesperson for approximately ten years and worked there until 1997 when he was terminated at the age of 56. In February 1995, Amon complained to Cadec that his supervisor, Tom Lemke, referred to him as "old," "old fart," and "too old to cut the mustard." Cadec's human resources manager reviewed the claim but found no evidence that such remarks were made; nonetheless, she counseled Lemke regarding these alleged remarks. Thereafter, Amon was assigned to a different supervisor. No other age-based remarks have been complained of since that time.

In July 1997 Cadec conducted a reorganization and a reduction in workforce. Thereafter, Lemke again became Amon's supervisor. At the time of this restructuring, new corporate policies were developed that included the need for weekly sales reports. After five months and repeated requests and reprimands, Amon had not completed any of these reports. All other salespersons complied with these reporting requirements. In the final warning memo to Amon, Cadec explained that failure to send reports would result in his termination. Thereafter, Amon was terminated by Les Dole, Lemke's superior, on December 1997 when Amon was 56 years old. Amon was replaced by a 30 year old.

Amon then brought this lawsuit in Texas state court and Cadec sought removal. Upon removal, the district court granted summary judgment in favor of Cadec. Amon now appeals.

**Amount in Controversy**

Amon argues that the district court lacked jurisdiction because the amount in controversy does not exceed $75,000. 28 U.S.C. § 1332(a)(1). In the complaint, Amon sought *inter alia* $50,000 in damages, attorney's fees and reinstatement to his job that pays $100,000 annually. The amount plead in the complaint "remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995). If the defendant shows as much, removal is proper unless the plaintiff can show "that it is legally certain that his recovery will not exceed the amount stated in the complaint." *Id.*

The Supreme Court has held that "in actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Com.,* 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). This Court held that the amount in controversy previously required under 28 U.S.C. § 1331(a) (which at the time was $10,000) was satisfied when the plaintiff sought reinstatement to his position paying more than $10,000 per year. *Goss v. San Jacinto Junior College,* 588 F.2d 96, 97-98 (1979)("Since Mrs. Goss sought reinstatement to a position with an annual salary in excess of $ 10,000, it was far from a 'legal certainty' at the time the complaint was filed that Mrs. Goss could not have been entitled to more than $

Exhibit C

10,000.").

**\*2** In the instant case, damages sought are $50,000, attorneys fees and reinstatement to a job paying $100,000 per year. Though Cadec is presumably getting $100,000 worth of services from Amon's employment, this does not, however, establish that the value of the litigation is not in fact greater than $75,000. Though the employment situation is at-will, Amon has not shown that it is "legally certain that his recovery will not exceed the amount stated in his claim."

### Age Discrimination

Amon brought his age discrimination claim pursuant to Tex. Lab.Code § 21.01 et seq. Claims brought pursuant to § 21.102 are interpreted in the same manner as those brought under federal discrimination statutes. See *NME Hospitals, Inc. v. Rennels,* 994 S.W.2d 142, 144 (Tex.1999). This Court determined that to establish a prima facie case for an age discrimination under the Age Discrimination in Employment Act Amon must show 1) he was in a protected class; 2) he suffered an adverse employment action; and 3) some evidence that the adverse decision was motivated by unlawful age discrimination. *Ross v. University of Texas at San Antonio,* 139 F3d 521,525 (5th Cir.1998). After establishing a prima facie case, the burden shifts to Cadec to articulate a legitimate, nondiscriminatory reason for the adverse action. *McDonnell-Douglas v. Green,* 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Cadec's burden in this regard "is one of production, not persuasion ... [and] can involve no credibility assessment." *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000). If Cadec satisfies this burden, the burden shifts back to Amon, who must prove that "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Reeves,* 120 S.Ct. at 2104-05.

Dole fired Amon because after repeated warnings, Amon refused to comply with company reporting policies. In fact, Amon concedes that he never filed any weekly reports during the summer and fall of 1997. Moreover, the record reflects that all employees were required to and did follow these reporting policies.

To show that this reason is merely pretext, Amon relies on age-based comments made by Lemke two and one-half years prior to the termination. Assuming arguendo that Lemke was a decisionmaker in Amon's termination, his stray remarks are insufficient to create a fact question with regard to the legitimate reason offered by the defendant. "[Age-based] [r]emarks may serve as sufficient evidence of age discrimination if they are: 1) age related, 2) proximate in time to the employment decision, 3) made by an individual with authority over the employment decision at issue, and 4) related to the employment decision at issue." *Medina v. Ramsey Steel Co.,* 238 F.3d 674 (5th Cir.2001). In the instant case, the age-based comments were made three years prior to Amon's termination. There is no evidence that this employment decision was based on Amon's age. Moreover, Amon was warned of his pending termination and could have prevented it by complying with company policy.

**\*3** Amon also argues that once Lemke became his supervisor, Lemke arbitrarily started to enforce the reporting requirements and refused to accept that Amon was having problems with the computer system. Amon was told, however that he should submit the reports in any form. Morever, all salespersons were required to complete them and all of them did so.

Amon also relies on the fact that upon termination Amon was offered a severance package in exchange for signing a release of all discrimination claims. He notes that he was the only employee terminated for a reason other than reduction in workforce to be offered such a severance and requested to sign a release. Importantly, however, Amon has not "shown any connection between the release and [Cadec's] alleged discriminatory intent." *Sherrod v. Sears, Roebuck & Co.,* 785 F.2d 1312, 1315 (5th Cir.1986).

Though Amon appeals his retaliation claim, this issue is not properly before the court. As the district court found, Amon did not initially bring this issue in front of the Texas Commission on Human Rights as is required by statute. TEX. LAB.CODE § 21.201(a).

We therefore AFFIRM the district court's grant of summary judgment in favor of Cadec.

### Parallel Citations

2001 WL 498701 (C.A.5 (Tex.))

Footnotes

**Amon v. Cadec Design Systems, Inc., 253 F.3d 706 (2001)**

\*   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

---

**End of Document**                                                                                                  © 2015 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works.   3

# Exhibit C