## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| CYNTHIA WARE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:15-cv-1636-M |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand [Dkt. No. 4]. For the reasons discussed below, the Motion is **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

This action concerns an employment dispute between Plaintiff Cynthia Ware ("Ware") and Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). On April 30, 2015, Ware filed suit in the 116th Judicial District of Dallas County against Wells Fargo. Dkt. No. 1-1, Def. Ex. A-2 (Pl.'s Orig. Pet.). In her Original Petition, Ware alleged one cause of action—wrongful termination—arguing that Wells Fargo terminated Ware's employment because of a disability, in violation of the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.051. *Id.* ¶¶ 17–19. Ware sought damages, attorneys' fees, injunctive relief, and declaratory relief. *Id.* ¶¶ 20–28. The damages sought include back and front pay, compensatory damages, pre-judgment interest, post-judgment interest, and punitive damages. *Id.* ¶¶ 21–23. Ware also asked for reinstatement of her employment with Wells Fargo. *Id.* ¶ 28(b).

Ware alleged that she was hired as a Consumer Loan Underwriter for Wells Fargo on February 18, 2013. *Id.* ¶ 6; Dkt. No. 1–1 at 12 (Pl.'s TWC Charge of Discrimination).

According to Ware, she was later diagnosed with cancer, and had surgery, the complications from which caused her to need to take disability leave.  Dkt. No. 1–1, Def. Ex. A-2 ¶¶ 7–8.  While Ware was on leave, Wells Fargo told allegedly told Ware that she was being terminated because of "downsizing," and that her layoff would be effective as of October 19, 2013.  *Id.* ¶¶ 9–10.  Ware alleged that other, less qualified, persons were not terminated, and that immediately after October 19, 2013, Wells Fargo began interviewing others to fill Ware's position.  *Id.* ¶¶ 11–12.  Accordingly, Ware claims that Wells Fargo terminated her employment because of her disability or perceived disability.  *Id.* ¶ 18.

On May 11, 2015, Wells Fargo removed, contending that the Court has diversity jurisdiction.  Dkt. No. 1.  Despite Ware's sworn declaration that limits her recovery to $74,000, Wells Fargo argues that Ware's monetary *and* non-monetary requests for relief, including reinstatement and back pay, exceed the $75,000 jurisdictional minimum for diversity cases.  *Id.* ¶ 13; *Id.* at 10 ¶¶ 8-9 (Decl. of Cynthia Ware).  On May 12, 2015, Ware moved to remand, contending that she legally bound herself to a recovery of no more than $74,000.  Dkt. No. 4 at 3–4 (Pl.'s Mot. to Remand and Br. in Support).  Ware also requests attorneys' fees in association with her Motion to Remand, arguing that Wells Fargo's removal was objectively unreasonable.  *Id.* at 13.

## DISCUSSION

### A.  Legal Standard

To establish diversity jurisdiction, the amount in controversy must exceed $75,000 and the parties must be citizens of different states.  28 U.S.C. § 1332(a)(1).  As long as Ware's claim is made in good faith, the amount in controversy is equal to "the amount sought on the face of [her] pleadings."  *Firewheel Surgical Sales, LLC v. Exact Surgical, Inc.*, No. 3:12-CV-1971-L,

2013 U.S. Dist. LEXIS 4461, at *6–7 (N.D. Tex. Jan. 11, 2013) (citing 28 U.S.C. § 1446(c)(2)).

However, "[i]t is well established that a plaintiff may avoid federal-court jurisdiction by claiming

a sum below the amount in controversy." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th

Cir. 2009) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)).

If the removing party shows by a preponderance of the evidence that the plaintiff "would in fact

recover more than $75,000, if successful," then the plaintiff must show that "[s]he has legally

bound [her]self to a recovery below the jurisdictional threshold." *Richard v. Time Warner Cable*

*Media, Inc.*, 960 F. Supp. 2d 659, 664 (N.D. Tex. 2013) (citing 28 U.S.C. § 1446).

## B.  Analysis

Ware argues that removal was improper and moves to remand, arguing that she has

legally bound herself to a recovery of $74,000, which is below the $75,000 amount-in-

controversy requirement of 28 U.S.C. § 1332.

Wells Fargo responds that Plaintiff's Original Petition requests that she be reinstated to

her position, the value of which counts toward the amount in controversy, placing Ware's

potential recovery in excess of $75,000.  Dkt. No. 6 at 2–3 (Def.'s Resp. to Pl.'s Mot. to

Remand).  Wells Fargo argues that Ware could have limited her recovery by "filing a binding

stipulation that limited her potential recovery to an amount less than $75,000," but she did not do

so.  *Id.* at 4.  Ware responds that she *did* file a sworn declaration as an attachment to her Original

Petition, making clear her intent to "limit[] the amount of [her] recovery, and the amount of any

judgment, to $74,000, exclusive of interest and costs."  Dkt. No. 1-1 at 10 ¶¶ 8-11 (Decl. of

Cynthia Ware).

First, before considering the validity of Ware's efforts to limit her recovery, the Court

must consider whether Ware would be likely to recover more than $75,000 if she prevailed on

the merits of her claim and received all of her requested relief.  *Richard*, 960 F. Supp. 2d at 664.

Here, Ware seeks back and front pay, compensatory damages, punitive damages, attorneys' fees,

injunctive relief, and declaratory relief.  Dkt. No. 4–1, Ex. A ¶ 30 (Pl.'s Orig. Pet.).  To calculate

back pay in determining the amount in controversy, the Court "include[s] the compensation

allegedly lost up until the anticipated trial date."  *Richard*, 960 F. Supp. 2d at 661.  Wells Fargo

contends, and Ware does not dispute, that Ware made an annual salary of $70,000 per year, or

approximately $5,833 per month, during her employment with Wells Fargo.  *See* Dkt. No. 1 ¶ 12

(Def.'s Notice of Removal); Dkt. No. 1, Def. Ex. B ¶ 5 (Decl. of Sandra Wallace, Human

Resources Business Partner).  Absent any stipulation or limitation to the contrary, these damages

would total over $116,000 ($5,833 x 20 months) from the date of her termination until the

present date, which obviously does not include any amounts that will accrue between now and

the time of trial.  *See id*.  Thus, Ware's request for back pay alone amounts to more than $75,000.

Moreover, Wells Fargo argues that, even if Ware did limit her *monetary damages*, the value of

the equitable relief she seeks (namely, her reinstatement) would cause her total recovery to

exceed the jurisdictional threshold.  *See id.* ¶ 13.  The Court agrees with those points and, had

Ware not limited her recovery, removal would have been proper.

However, the Court finds that Ware "has legally bound [her]self to a recovery below the

jurisdictional threshold."  *See Richard*, 960 F. Supp. 2d at 664.  Under Texas law, stipulations in

a plaintiff's petition "that purport to limit prospective theories of recovery" qualify as binding

judicial admissions.  *Id.* at 662 (citing *Walker v. City of Georgetown,* 86 S.W.3d 249, 254 (Tex.

App.—Austin July 26, 2002, pet. denied).  A "judicial admission" is a formal concession,

typically found in the pleadings or in stipulations by the parties, which conclusively binds the

admitting party and "has the effect of withdrawing a fact from contention." *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001).

Although courts differ on whether declarations filed *after* removal can limit a plaintiff's recovery, Wells Fargo has cited no authority that holds a declaration attached to a petition filed in state court *before* removal cannot suffice to limit a plaintiff's recovery.  Accordingly, federal courts consider "the claims in the state court petition as they existed at the time of removal" to determine the amount in controversy. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).  For example, in *Richard*, the plaintiff's *post-removal* declaration was not an independently binding judicial admission, but this Court nonetheless considered the declaration as highly probative evidence of the plaintiff's intent to limit his recovery, making removal improper. *See Richard*, 960 F. Supp. 2d at 664.

In contrast, in *Ford v. United Parcel Serv. (Ohio)*, although the court ultimately reached a different conclusion than did this Court in *Richard*, the court only noted that the plaintiff's *post-removal* declaration was not a jurisdictional fact that could preclude removal "[b]ecause [the plaintiff] failed to include her declaration with her petition."  No. 3:14-CV-1872-D, 2014 WL 4105965, at *4 (N.D. Tex. Aug. 21, 2014) (Fitzwater, C.J.).  Moreover, the court found that the plaintiff's statements in *Ford* were not the kind of "conclusive and indisputable admissions" necessary to legally bind [the plaintiff] to an amount below the jurisdictional threshold. [1]  *Id.* at *2.

---

[1] The court in *Ford* distinguished the decision in *Richard*, finding that it could not use the post-removal declaration as evidence of intent to limit recovery in a case where the plaintiff's statements were unambiguous.  *Ford*, 2014 WL 4105965, at *4.  To the extent the two cases are in tension, this Court respectfully disagrees with the analysis in *Ford*.

Notably, neither *Richard* nor *Ford* establish that a *pre-removal* declaration should not be used to limit recovery. *See id.* at *4; *Richard*, 960 F. Supp. 2d at 664. In fact, *Ford* specifically indicates that the plaintiff there could have precluded removal had she included her declaration with the original pleadings. *Ford*, 2014 WL 4105965, at *4. Unlike the plaintiff in *Ford*, Ware filed a sworn declaration attached to her Petition before removal. *See Manguno*, 276 F.3d at 723; *Richard*, 960 F. Supp. 2d at 664; Dkt. No. 4–1, Ex. A at 8. Thus, the Court can properly consider Ware's declaration and the statements in her Petition as evidence of her intent to limit her recovery.

A number of district courts in the Fifth Circuit, including this Court, have found that a limitation on damages claimed in the pleadings can defeat diversity jurisdiction. *See Richard*, 960 F. Supp. 2d at 663 (holding diversity jurisdiction was not established where plaintiff affirmatively limited his potential recovery to $74,000); *Washington-Thomas v. Dial Am. Mktg., Inc.*, No. EP-12-CV-00340-DCG, 2012 WL 5287043, at *3 (W.D. Tex. Oct. 23, 2012) (same); *Wright v. Normandy Terrace Healthcare & Rehab. Ctr.*, No. SA-12-CA-0622-XR, 2012 WL 2979040, at *2 (W.D. Tex. July 19, 2012) (stipulating that the maximum damages sought or accepted would not exceed $75,000). Here, Ware made four statements in her Original Petition limiting her "final judgment, exclusive of interest and costs" to $74,000. Dkt. No. 4–1, Ex. A ¶¶ 4, 23, 26, 30. In her sworn declaration, Ware made four more statements limiting her recovery to $74,000, including a statement that she "do[es] not seek, [] will not seek, and [] will not accept, a final judgment in excess of $74,000.00, exclusive of interest and costs." Dkt. No. 4–1, Ex. A ¶¶ 8–11.

Relying on *Tovar v. Target Corporation,* Wells Fargo counters that Ware's statements are contradictory and therefore insufficient to defeat diversity jurisdiction. *See Tovar v. Target*

*Corp.*, No. CIV.A. SA04CA0557XR, 2004 WL 2283536, at *4 (W.D. Tex. Oct. 7, 2004); Dkt. No. 6 at 5 (Def.'s Resp. to Pl.'s Mot. to Remand).  In *Tovar*, the court found that the plaintiff failed to limit his potential recovery when he stated that he sought no more than $74,000, but vacillated between including and excluding attorneys' fees and punitive damages as part of his requested recovery.  *Tovar*, 2004 WL 2283536, at *3.  Because his petition was ambiguous on this issue, the court found that the plaintiff did not legally bind himself to a recovery below $75,000.  *Id.* at *4.  On the other hand, in *Wright*, the court distinguished *Tovar*, and held that a plaintiff successfully limited his total potential recovery by stating that he "d[id] not seek and w[ould] not accept any award" exceeding $75,000.  *Wright*, 2012 WL 2979040, at *2.  In other words, the plaintiff's stipulations in *Wright* were sufficiently unambiguous to conclusively limit the entirety of the plaintiff's possible recovery.

Ware's stipulations in this case are similarly unambiguous, and are distinguishable from those in *Tovar*.  Ware stated in her sworn declaration, "I am limiting the amount of my recovery, and the amount of any judgment, to $74,000, exclusive of interest and costs" and "[a] final judgment of $74,000.00 . . . would make me whole for the damages I suffered."  Dkt. No. 4–1, Ex. A ¶¶ 8, 11.  In her Original Petition, Ware requests that the Court enter judgment "not to exceed $74,000.00, exclusive of interest and costs," and provides an itemized list of the relief to be covered by that amount, including reinstatement.  *See id.* at 6, ¶ 30.  Contrary to Wells Fargo's argument, Ware's statements cannot be reasonably construed as addressing only monetary damages, as Ware repeatedly and unambiguously limited the *total* amount she could recover.  *See Wright*, 2012 WL 2979040, at *2.

Thus, the Court concludes that the statements in Ware's Original Petition, along with the sworn declaration attached to her Original Petition stating that she would not accept a judgment

or recovery greater than $74,000, were sufficient to bind Ware to a recovery of no more than $74,000, which is less than the amount in controversy necessary to establish diversity jurisdiction. Accordingly, removal was improper and Plaintiff's Motion to Remand is **GRANTED**.

### C. Attorneys' Fees

Ware asks the Court to award her attorneys' fees and costs because Wells Fargo had no objectively reasonable basis for removal. She argues that Wells Fargo ignored her numerous statements that she intended to limit her recovery, along with seven decades of case law stating that she had the right to do so. Dkt. No. 4 at 17. Wells Fargo responds that it had an objectively reasonable basis for believing removal was proper even if the Court determines that Ware limited the amount in controversy to $74,000. Dkt. No. 6 at 7 n.1.

The Court retains the discretion to award to the nonmoving party "payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. 1447(c). To award attorneys' fees and costs, however, the Court must find that Wells Fargo "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The fact that removal is later deemed improper does not give the nonmovant an automatic right to attorneys' fees. *Id.* at 136; *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Moreover, the Court does not consider the defendant's motive for removal, but only the objective merits of its case at the time of removal. *Valdes*, 199 F.3d at 292. For example, in *Valdes*, the Fifth Circuit held that removal was objectively reasonable and declined to award attorneys' fees to the nonmoving party, even though removal was later deemed improper. *Id.* at 293–94. The *Valdes* court reasoned that the defendant had

considerable case law to support its removal, whereas the plaintiff only pointed to one outdated case that was factually distinguishable. *Id.* at 294.

In supporting the propriety of its removal, Wells Fargo relies on a number of cases, both within and outside of the Fifth Circuit, which are factually distinguishable from the present case because they lack requests for reinstatement. *See, e.g., Amon v. Cadec Design Sys., Inc.*, 253 F.3d 706, at *2 (5th Cir. 2001); *Goss v. San Jacinto Junior Coll.*, 588 F.2d 96, 97–98 (5th Cir. 1979); *Gable v. MSC Waterworks Co., Inc.*, 12-CV-47-CVE, 2012 WL 1118980, at *4–5 (N.D. Okla. Apr. 3, 2012); *Fetters v. United Parcel Serv., Inc.*, No. 06-CV-542, 2006 WL 2375493, at *2 (S.D. Ind. Aug. 16, 2006). The key argument Wells Fargo derived from these cases was that the Court must include the value of Ware's reinstatement in the amount-in-controversy calculation, a relatively uncontroversial proposition.[2]  Dkt. No. 6 at 2–3. Wells Fargo also cites to Black's Law Dictionary's definition of "damages" and points to *Tovar* as an example of contradictory statements, focusing on the distinction between limiting her *damages* versus limiting her *recovery*. Dkt. No. 6 at 4–5. Defendant makes the argument that Ware's statements in her declaration are therefore not a binding stipulation because they are contradictory to those in her Petition. *Id.* at 5.

As discussed above, the Court disagrees with Wells Fargo's position, because Ware limited the *total* amount she claimed to $74,000. However, although Wells Fargo's focus on Ware's request for reinstatement was misplaced, it was not "objectively unreasonable" so as to warrant attorneys' fees. Wells Fargo "could conclude from this case law that its position was not an unreasonable one." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

---

[2] Wells Fargo concluded that the amount in controversy exceeded the $75,000 threshold because Plaintiff had not specifically included the reinstatement value in the $74,000 limit. Dkt. No. 6 at 2–3.

Likewise, it was not objectively unreasonable for Wells Fargo to find Ware's statements ambiguous, if not contradictory.  Although removal was improper, Wells Fargo had an objectively reasonable basis for seeking removal.  Therefore, Plaintiff's request for attorneys' fees and costs is **DENIED**.

**CONCLUSION**

For the reasons stated, Plaintiff's Motion to Remand is **GRANTED**, and this action is **REMANDED** to the 116th Judicial District of Dallas County.  Plaintiff's request for attorney's fees and costs is **DENIED**.

**SO ORDERED.**

July 14, 2015.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**
